OPINION
On December 19, 1996, Mabel E. Davis, as trustee of the Mabel Davis Trust ("Trust"), filed a complaint for a declaratory judgment against James A. Davis, her husband, Tyreen M. Davis, her daughter, and Sherry Ruais, Kathy Papageorge and Luana Monseur, James Davis's daughters and Mabel Davis's step-daughters. Mabel Davis sought various declarations concerning the Trust and the rights thereunder. Various counterclaims and cross-claims were filed.
On November 18, 1998, the trial court filed a notice which indicated the court had been notified that the action had been settled. The trial court ordered counsel to prepare an appropriate entry within twenty days. No such entry or settlement agreement was filed.
On February 16, 1999, Mabel Davis, trustee, filed a request that the trial court schedule a status conference in order to determine the status of the settlement agreement and the procedure necessary to "complete" the case. On March 15, 1999, all the defendants except for Tyreen Davis filed a motion to enforce the settlement agreement and requested an oral hearing on the matter. Various memoranda contra were filed.
On March 23, 1999, a notice of suggestion of death was filed, indicating that Mabel Davis had died on March 20, 1999.[1]
A hearing on the motion to enforce the settlement agreement was held on May 17, 1999. The parties were ordered to file briefs on the issues. On July 29, 1999, the trial court journalized a judgment entry which stated that the motion to enforce the settlement agreement was granted.
Tyreen Davis, individually and in her capacity as the executor of the estate of Mabel Davis, and Lucille Sandy, successor trustee, filed notices of appeal to this court from the trial court's July 29, 1999 judgment entry. This court subsequently dismissed the appeals stating that the claims of the parties remained pending and had not been dismissed or otherwise disposed of by the trial court and, therefore, there was no final, appealable order.
In the meantime, the defendants (except for Tyreen Davis) had filed with the trial court a motion for civil contempt and specific performance against Tyreen Davis, individually, Tyreen Davis, as executor of the estate of Mabel Davis, and Lucille Sandy, successor trustee. The basis for the motion was the failure of Tyreen Davis and Lucille Sandy to comply with the terms of the settlement agreement.
On November 24, 1999, the trial court journalized an entry which stated:
 It has come to this Court's attention that the appeal in this matter filed by Defendant Tyreen Davis and Plaintiff Lucille Sandy, Successor of Mabel E. Davis Trust, was dismissed by the Court of Appeals for lack of a final appealable order. The Appeals Court found that "the claims of the parties remain pending and have not been dismissed or otherwise disposed of by the Court."
 However, by virtue of the parties having entered into a settlement, which the Court found to be valid and enforceable on July 27, 1999, there are no claims remaining for trial. Accordingly, the action is hereby DISMISSED from the Court's docket. This entry constitutes a final appealable order.
Tyreen Davis, individually and as executor of the estate of Mabel Davis, and Lucille Sandy, successor trustee, filed notices of appeal from the November 24, 1999 entry. On April 4, 2000, this court dismissed the appeal of Tyreen Davis, in her capacity as executor of the estate of Mabel Davis and Lucille Sandy, successor trustee for failure to file a brief. The appeal of Tyreen Davis, in her individual capacity, remained pending.
On April 14, 2000, notice was given that a hearing on the October 8, 1999 motion for contempt and specific performance would be held before a magistrate, but only as to Tyreen Davis, executor of the estate of Mabel Davis, and Lucille Sandy, successor trustee, apparently due to Tyreen Davis's pending appeal.
On September 29, 2000, this court rendered a memorandum decision in Tyreen Davis's appeal wherein we stated, in essence, that the trial court did not err in granting the motion to enforce the settlement agreement.
On November 27, 2000, the magistrate rendered a decision on the motion for civil contempt and specific performance. The magistrate recommended that the motion for specific performance be granted and that the court enforce those terms of the settlement agreement that could be enforced. On January 10, 2001, an entry was journalized wherein the trial court adopted the magistrate's decision.
On April 6, 2001, the trial court gave notice that a status conference would be held on April 24, 2001 as it had been informed that no action had been taken to comply with the January 10, 2001 entry. A status conference was held on April 24, 2001 and on this same date, the trial court filed an order to compel Lucille Sandy to transfer the funds in her possession to the trustee referenced in the settlement agreement and Exhibit A attached thereto by May 1, 2001, and ordering Tyreen Davis to execute a deed conveying to James Davis a life estate in the real property at issue by May 1, 2001.
Tyreen Davis, in her individual capacity, and Lucille Sandy, successor trustee of the Trust, have filed notices of appeal with this court.[2]
Tyreen Davis set forth the following errors:
 1. THE TRIAL COURT ERRED AND LACKED JURISDICTION TO ISSUE THE ORDER OF APRIL 24, 2001 OR ANY OTHER AFTER THE NOVEMBER 24, 1999 DISMISSAL ENTRY.
 2. THE TRIAL COURT DENIED DEFENDANT-APPELLANT, TYREEN M. DAVIS DUE PROCESS OF LAW AND ERRED DENYING DEFENDANT THE OPPORTUNITY TO AN EVIDENTIARY HEARING ON APRIL 24, 2001.
Lucille Sandy, successor trustee, assigns the following error for our review:
 THE TRIAL COURT WAS WITHOUT JURISDICTION TO ENTER ITS ORDER OF APRIL 24, 2001.
At oral argument before this court, it was indicated that a notice of dismissal of Tyreen Davis's appeal would be forthcoming due to the death of James A. Davis (Tyreen Davis had been obligated under the settlement agreement and court order to convey a life estate to James Davis). On December 10, 2001, Tyreen Davis's appeal in case No. 01AP-605 was dismissed. All that remains now is Lucille Sandy's appeal in case No. 01AP-606. It was also indicated at oral argument that Ms. Sandy's obligations under the settlement agreement, as ordered by the trial court, had been satisfied. Therefore, we find Ms. Sandy's appeal moot.
There being no further issues before this court, the appeal in case No. 01AP-606 is dismissed as moot.
Appeal dismissed.
DESHLER and BOWMAN, JJ., concur.
[1] On July 28, 1999, an agreed entry was filed indicating that Lucille Sandy, successor trustee of the Trust, was being substituted for Mabel Davis, trustee, and that Tyreen Davis, executor of the estate of Mabel Davis, was being substituted for Mabel Davis in her individual capacity.
[2] The appeals were consolidated on June 4, 2001.